IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY CURRY, | |
| Plaintiff, | |
| v. | 1:05-cv-2710-WSD-AJB |
| ALBERTO GONZALES, et al., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation [25] issued by Magistrate Judge Baverman transferring Plaintiff Tracy Curry's ("Plaintiff") retaliation and race discrimination claim under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Because no objections to the Report and Recommendation ("R&R") have been filed, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). After careful review, the Court finds no plain error in the Magistrate Judge's conclusions.

Defendants in this case move for dismissal or, in the alternative, transfer for improper venue. Under the venue provision of Title VII, venue is proper in the following four circumstances: 1) in any district court in a state where the Title VII

violation occurred; 2) in the judicial district where the employment records that pertain to the Title VII violation are maintained; 3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and 4) in the judicial district where the defendant's principal office is located when none of the previous three conditions exist.  See 42 U.S.C. § 2000e-5(f)(3).

Venue is improper here because none of these circumstances apply to the Northern District of Georgia.  First, the alleged violations occurred in Memphis.  (R&R, at 7.)  Second, Plaintiff's employment records appear to be located in St. Louis, Missouri.  (Id.)  Third, according to Plaintiff's allegations, had there been no Title VII violations, Plaintiff would have received worker's compensation at the Bureau of Prisons ("BOP") in Memphis.  (Id.)  Finally, even if none of these three venue requirements existed, venue in the Northern District of Georgia would still be improper because the BOP's principal office is in Washington D.C., not the Northern District of Georgia.  (Id.)

The Court further agrees with the Magistrate's determination that Plaintiff's case should be transferred rather than dismissed, because Plaintiff would be time-barred from refiling in the proper venue if the Court were to dismiss this action.  (R&R, at 8.)  The Court also agrees that the proper venue is the judicial district

where Memphis is located because the alleged violations occurred there, and Plaintiff has stated that he would not object to such a transfer.  (Id.)

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation [25].  The Clerk of Court is **DIRECTED** to transfer the case to the Western Division of the United States District Court for the Western District of Tennessee in accordance with the Magistrate's Report and Recommendation as adopted by this Order.

**SO ORDERED** this 31st day of October, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE